THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HARRY MARTELL RODRIGUEZ,** *et al.*,

    *Plaintiffs*,

v.

**COMMONWEALTH OF PUERTO RICO,** *et al.*,

    *Defendants*.

Civ. No. 23-01480 (MAJ)

## OPINION AND ORDER

### I.  Introduction

On September 22, 2023, Harry Martell-Rodríguez, Félix Castro-Santiago, Héctor L. Molina-Nadal, and Marcos Díaz-Aponte (collectively "Plaintiffs"), appearing pro se, filed a Complaint seeking a peremptory mandamus pursuant to Sections 3421 to 3433 of the Puerto Rico Code of Civil Procedure. (**ECF No. 1**); 32 L.P.R.A. §§ 3421-3433. The Complaint asks the Court to compel action by various Commonwealth of Puerto Rico officials (collectively "Defendants"), related to Plaintiffs' incarceration and matters pending before the Puerto Rico Court of First Instance. (**ECF No. 1**). For the reasons stated hereafter, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint in its entirety *sua sponte*.

### II.  Discussion

As an initial matter, the Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *Nat'l W. Life Ins. Co. v. Borrero-Sotomayor*, 408 F. Supp. 3d 68, 69 (D.P.R. 2019) (quoting *McCulloch v. Vé*, 364 F.3d 1, 5 (1st Cir. 2004)) (citing

*Fina Air Inc. v. United States*, 555 F. Supp. 2d 321, 323 (D.P.R. 2008)). Moreover, under 28 U.S.C. § 1915A, because Plaintiffs are incarcerated individuals seeking relief from employees of a government entity, this Court is required to screen the Complaint and dismiss the case in whole or in part if it determines that the civil action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *IMO Inv. S.E. v. United States*, No. CV 16-3150 (SEC), 2018 WL 1325756, at *3 (D.P.R. Mar. 13, 2018) (quoting 28 U.S.C. § 1915A); *Crooker v. Burns*, 544 F. Supp. 2d 59, 60 (D. Mass. 2008). The Court is mindful of its obligation to accord liberal construction to the pleadings of pro se litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (citing *Eagle Eye Fishing Corp. v. U.S. Dep't of Com.*, 20 F.3d 503, 506 (1st Cir. 1994)).

A review of the Complaint reveals the Court lacks subject matter jurisdiction over the instant action. Plaintiffs are asking the Court to compel various state officials "to immediately comply with the[ir] dut[ies] imposed by the law[]" and act upon a peremptory mandamus appeal allegedly pending before the Court of First Instance of Puerto Rico. (**ECF No. 1 at 3-4**). Plaintiffs make their request under Sections 3421 to 3433 of the Puerto Rico Code of Civil Procedure, which governs peremptory mandamus. *Id*. At 2. However, Section 3421 of the Puerto Rico Code of Civil Procedure specifically states, "mandamus is a high prerogative writ issuing out of the *Supreme Court* or *Court of First Instance of Puerto Rico*, in the name of the Commonwealth of Puerto Rico . . . ." 32 L.P.R.A. § 3421 (emphasis added). Simply put, only the Supreme Court of Puerto Rico or Court of First Instance of Puerto Rico can provide Plaintiffs with the relief they seek

Civ. No. 23-01480 (MAJ) Page 3

under the statutes cited. Accordingly, the Court does not have jurisdiction to grant the relief requested.

Moreover, this Court may only grant mandamus relief "under the federal mandamus statute, which provides district courts with 'original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the *United States* or any agency thereof to perform a duty owed to the plaintiff.'" *Burke v. Texas*, 23-cv-3542, 2023 WL 6301076, at \*1 (S.D. Tex. Sept. 26, 2023) (emphasis added) (quoting 28 U.S.C. § 1361). "By its terms, the statute only applies to officers or employees of the United States and does not apply to state officials or employees." *Robinson v. Crawford*, 22-cv-10752, 2022 WL 17340469, at \*2 (E.D. Mich. Nov. 30, 2022) (citation omitted). Accordingly, the Court does not have jurisdiction to issue a writ of mandamus under federal law against the named Defendants either, as none are employees or officers of the United States or any agency thereof. *See De La Cruz v. Irizarry*, 946 F. Supp. 2d 244, 251 (D.P.R. 2013) ("It is well-established that federal courts have no general power to compel action by state officials." (internal citations and quotations omitted)); *Esteves-González v. Embajada De La República Dominicana*, 497 F. Supp. 2d 279, 280 (D.P.R. 2007) ("This Court's *mandamus* jurisdiction is limited to petitions compelling an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff." (citing 28 U.S.C. § 1361)); *Rushin v. Emmons*, 517-cv-00329, 2017 WL 4413183, at \*2 (M.D. Ga. Oct. 4, 2017) (collecting cases) ("Because Petitioner seeks an order compelling state officials in the performance of their duties, this Court is without jurisdiction to grant Petitioner the relief he seeks."); *Robinson v. People of State of Ill.*, 752 F. Supp. 248, 249 (N.D. Ill. 1990) (holding that "no arguable legal basis exists" for state prisoner's mandamus request to federal court) (collecting cases).

To the extent Plaintiffs are seeking to proceed under this Court's federal question jurisdiction under 28 U.S.C. § 1331, "a federal cause of action appears on the face of a well-pleaded complaint." *Am. Policyholders Ins. Co. v. Nyacol Products, Inc.*, 989 F.2d 1256, 1262 (1st Cir. 1993) (citations omitted). Though Plaintiffs include 42 U.S.C. § 1983 in their case caption, there is no further mention of it in the Complaint, nor are there facts alleged that imply a Section 1983 violation occurred. (**ECF No. 1**). Instead, the Complaint focuses entirely on Plaintiffs' request that the Court compel Defendants to act upon a peremptory mandamus appeal allegedly pending before the Court of First Instance. *Id.* at 3-4. Simply put, "[d]espite being labelled [in part] as a Section 1983 cause of action, the substance of [their] claim—and not its name or title—controls." *Contreras v. Commonwealth of Puerto Rico*, 18-cv-1944, 2019 WL 137120, at *1 (D.P.R. Jan. 8, 2019). Plaintiffs have plead for a writ of mandamus, not for relief under Section 1983. (**ECF No. 1 at 4**). Even assuming, arguendo, that the Court has subject matter jurisdiction over Plaintiffs' purported Section 1983 claim, the Court has neither the jurisdiction nor authority to grant the relief requested. (**ECF No. 1 at 4**); 32 L.P.R.A. 3421.

### III. Conclusion

Accordingly, for the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over the instant action. As such, the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of November 2023.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**